*7:07-CV-66 (DNH/GJD)*

# SETTLEMENT AGREEMENT

This "so ordered" Settlement Agreement ("agreement") is entered into by DONALD SCOTT FISH ("Plaintiff"), and SOUTH JEFFERSON CENTRAL SCHOOL DISTRICT and KAREN DENNY (collectively referred to as "Defendants"), and signed by the Court. The agreement pertains to *Fish v. South Jefferson Central School District, et al.*, case no. 7:07-cv-066-DNH-GJD, filed by Plaintiff on January 18, 2007, in the United States District Court for the Northern District of New York. The parties now wish to resolve and settle all claims in the complaint as follows:

1. Defendants agree to pay $3,000 in attorneys' fees and costs to Plaintiff's attorneys the Alliance Defense Fund.

2. Defendants agree to enact the following statement as school district policy, on or before January 31, 2008:

> South Jefferson Clarke Senior High School shall not prohibit students from wearing clothing, including shirts and armbands, that communicate views on issues of public concern symbolically or through text, unless the clothing is lewd, vulgar, indecent, profane, or contains sexual innuendo, or promotes weapons, alcohol, tobacco products or drugs, or unless the clothing violates school rules pertaining specifically to modesty in physical appearance or prohibiting head coverings worn on the head during school hours.
>
> South Jefferson Clarke Senior High School shall not prohibit students, during non-instructional time and in an orderly manner, from exchanging leaflets on issues of public concern, unless the leaflet is lewd, vulgar, indecent, profane, or contains sexual innuendo, or promotes weapons, alcohol, tobacco products or drugs.
>
> School officials reserve the right to regulate student conduct consistent with existing and subsequently developed law governing this jurisdiction as to the extent of students' First Amendment rights.

3. Defendants maintain that their promises and payment made pursuant to this agreement do not constitute an admission of liability on the part of the Defendants, in their official or personal capacities, or their past present and future directors, elected or otherwise, administrators, employees, attorneys, agents, servants, representatives, insurers, predecessors, successors or assigns, whether or not named or referred to herein.

4. The parties agree that, in lieu of a consent decree, this "so ordered" agreement signed by the Court will bind the school district to the aforementioned policy language until it is officially adopted.

*10/18/07  SO ORDERED*

*[signature] USMJ*

5.  After the parties and the Court exchange and execute this agreement, Defendants will prepare and send within ____ days a check to Plaintiff's attorneys for the payment listed in term one above.

6.  After Plaintiff's attorneys receive payment as indicated above, the parties will submit to the court a joint stipulation of voluntary dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(ii), which order of dismissal will incorporate this agreement by reference and will specify that the court maintains continuing jurisdiction over enforcement of this agreement.

7.  In consideration of Defendants' payment to Plaintiff's attorneys as set forth above, and in further consideration of the additional promises made by Defendants pursuant to this agreement, and conditioned upon dismissal of this case pursuant to this agreement, Plaintiff completely releases and forever discharges Defendants, in their official and personal capacities, and their past present and future directors, elected or otherwise, administrators, employees, attorneys, agents, servants, representatives, insurers, predecessors, successors and assigns, whether or not named or referred to herein, from any and all civil or criminal claims, causes of action, complaints, demands, suits, injuries, damages, losses and any other right of any kind whatsoever in law or equity, known or unknown, including attorneys' fees and costs, which are asserted in the complaint in this case, or which arose out of the events described in the complaint as occurring on October 24-25, 2006, and January 11, 2007, regarding Plaintiff's engaging or desiring to engage in free speech at school between October 24, 2006, and January 19, 2007. This release does not deprive Plaintiff of the ability to pursue remedies to which Plaintiff is entitled through an action for breach of this agreement, except that the payment to Plaintiff's attorneys discussed above shall constitute full monetary compensation of their attorneys' fees and costs for this case incurred up to (but not beyond) the date of dismissal pursuant to this agreement.

8.  This agreement contains the entire agreement between the parties with regard to the matters set forth herein and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each. The terms of this agreement are contractual and not a mere recital.

9.  Plaintiff warrants that he has consulted legal counsel of his choosing concerning the terms of this agreement, and that the terms of the agreement have been explained to his satisfaction by legal counsel.

10. The parties and the Court may execute this agreement in counterparts, which taken together shall constitute the complete and binding agreement between the parties. A photocopy of the fully executed original(s) of this agreement shall be deemed to be an original for any and all purposes.

_____  _____
DONALD SCOTT FISH                Date


_____*Jamie Mresel*_____   __10/10/07__
SOUTH JEFFERSON CENTRAL SCHOOL   Date
DISTRICT, by ***


_____*Karen Denny*_____    __10/10/07__
KAREN DENNY                      Date


So ordered,


_____  _____
U.S.D.J.                         Date

_____    10/14/07
DONALD SCOTT FISH            Date

_____    _____
SOUTH JEFFERSON CENTRAL SCHOOL    Date
DISTRICT, by the Superintendant of SJCSD,
having been given full authority to sign this
settlement agreement by and on behalf of the
school board

_____    _____
KAREN DENNY                  Date

So ordered,

_____    _____
United States Judge          Date